NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3580

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-07-WMC-01 |
| ALFREDO JUAREZ, aka OCTAVIO ZAMBRANO, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Alfredo Juarez was arrested after several deliveries of cocaine to a codefendant, who in turn was selling the drugs to an informant. Two weeks later authorities searched the basement of a farmhouse that had been converted into apartments and seized another pound of cocaine. DNA linked to Juarez was found on the packaging. He pleaded guilty to one count of distribution, 21 U.S.C. § 841(a)(1), and at sentencing the district court included the cocaine from the farmhouse in setting the base offense level under U.S.S.G. § 2D1.1. The court sentenced Juarez to 78 months' imprisonment, near the bottom of the applicable guidelines range of 77 to 96 months. Juarez appeals, but his appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Juarez has not responded to counsel's submission. *See* CIR. R. 51(b). We review

only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Juarez has told counsel that he does not want his guilty plea set aside, so counsel properly omits from his *Anders* submission any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Juarez could challenge the inclusion of the drugs from the farmhouse in calculating his base offense level. The cocaine actually delivered by Juarez weighed just over 400 grams in total, and without the additional pound from the farmhouse, his base offense level would have dropped from 26 to 24. U.S.S.G. § 2D1.1(a)(5), (c)(7–8). The district court counted the pound as relevant conduct because Juarez had easy access to the farmhouse—he may have been living in one of the apartments around the time of the arrest—and his DNA was recovered from the packaging. Juarez objected to adding the undelivered cocaine because, he insisted, the farmhouse stash "was beyond the offense of conviction." That view is too narrow; a drug dealer does not escape liability for his inventory simply by leaving the bulk in a secure location when making deliveries. *See United States v. Perez*, 581 F.3d 539, 544–46 (7th Cir. 2009). We agree with counsel that an appellate challenge to the inclusion of the farmhouse stash would be frivolous.

Counsel also discusses whether Juarez could argue that he should have received a two-level reduction as a minor participant in the distribution to his codefendant. *See* U.S.S.G. § 3B1.2. The district court rejected this contention on the basis of Juarez's role in supplying the cocaine. Juarez and his codefendant were the only known participants in the offense, and, by his own admission, Juarez was the source of the codefendant's cocaine. As counsel recognizes, a claim that the supplier is less culpable than the dealer who retails his inventory would be frivolous. *See United States v. Doe*, 613 F.3d 681, 689 (7th Cir. 2010); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 724–25 (7th Cir. 2008).

Finally, counsel evaluates whether Juarez might argue that his 78-month prison sentence is unreasonable but aptly rejects that potential argument as frivolous. The term is near the bottom of the guidelines range and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir. 2011). Counsel offers no reason to disturb that presumption. The district court assessed the factors in 18 U.S.C. § 3553(a), including Juarez's difficult upbringing, his struggles with alcoholism, and his extensive criminal history. The court reasonably concluded that a within-range term was appropriate to provide adequate deterrence, to reflect the seriousness of the offense, and to promote respect for the law, while reflecting parity with the sentences of similarly situated offenders.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.